IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JEREMY JAMES HENDRICKS | § | |
| v. | § | CIVIL ACTION NO. 6:16cv942 |
| MATT BINGHAM, ET AL. | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT</u>

The Plaintiff Jeremy Hendricks, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are Smith County District Attorney Matt Bingham and Assistant District Attorney Peter Keim.

**I. The Plaintiff's Claims**

Hendricks states that he is a "natural born, free, living, breathing flesh and blood human with sentient and moral existence, a real man upon the soil, a juris et de jour, also known as a Secured Party and an inhabitant, not a United States citizen." As such, he contends that he is not subject to the laws of the United States or the State of Texas. He claims that he is being held in the Texas Department of Criminal Justice, Correctional Institutions Division on an unconstitutional judgment because he is a holder in due course by a recorded security agreement and is a secured party creditor to JEREMY JAMES HENDRICKS [DEBTOR] or any variations or derivations thereof.

Hendricks further asserts that he presented a "conditional acceptance for value" to the Defendants but they did not respond, meaning that they are in default and have agreed to all of the terms of a "trust contract." He asks that his judgment of conviction be vacated, he be discharged

1

from the custody of any and all state agencies, that he be awarded compensatory and punitive damages, and that the Defendants assume all of these obligations including incarceration for failure to comply.

The purported "conditional acceptance for value" demands that Bingham and Keim prove that the Constitutions of the United States and the State of Texas apply to Hendricks, that federal or state law apply to him, that the conduct of the Smith County prosecutors applies to flesh-and-bllod men and women rather than the "corporate state of Texas," that the United States and the State of Texas did not dissolve as a result of the contrived national bankruptcy of 1933, and numerous similar items. The document claims that if the demanded proof is not provided within 14 days, this failure will amount to a stipulation as to all of the facts as they operate in favor of Hendricks and that Hendricks is due damages in tort. Other documents furnished by Hendricks show that he was charged with sexual assault of a child, pleaded guilty, and received a 14-year sentence beginning in January of 2008, with credit for time served.

**II. The Motion to Dismiss and the Report of the Magistrate Judge**

The Defendants were served with process and filed a motion to dismiss arguing that Hendricks' claims are barred because they implicate the validity of his conviction and he has not shown that the conviction has been set aside. The Defendants also invoked qualified and absolute immunity.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the motion to dismiss be granted and the lawsuit dismissed. The Magistrate Judge determined that Hendricks cannot obtain monetary damages or equitable relief because he has not shown that his sentence has been overturned, expunged, or otherwise set aside. The Magistrate Judge also determined that the prosecutors are entitled to absolute prosecutorial immunity as well as qualified immunity; the fact that the prosecutors did not respond to Hendricks' purported "conditional acceptance for value" or "demand for proof of claims" did not violate any clearly established

constitutional rights because the Magistrate Judge concluded that these instruments were items of Hendricks' own creation and had no legal meaning or effect.

In his objections, Hendricks states that he served a "conditional acceptance for value" upon the Defendants, giving them thirty days to answer, but they failed to do so. He contends that "all public officials in receipt of this notice are required by their oath of office to answer" and claims that before an individual can be charged and convicted of a crime, the government agency must prove jurisdiction. Hendricks further states that Texas is not a United States Territory acquired under Article IV, Section 3, Clause 2 of the Constitution, nor is it an enclave acquired under Article I, Section 8, Clause 17 of the Constitution. He complains that he never received notice of the motion to dismiss and argues that the case should not be dismissed until the Defendants have answered all of the questions posed to them.

**III. Discussion**

Hendricks did not refer to, much less object to, the Magistrate Judge's conclusion that the purported "conditional acceptance for value" was a document of Hendricks' own creation and whiolly lacking in legal significance or effect. *Cobble v. U.S.*, civil action no. 09-379C, 2009 WL 2610532 (Fed.Cl., August 24, 2009) (conditional acceptance for value presented by federal prisoner was not a contract); *Turnbough v. Thaler*, civil action no. 6:11cv336, 2011 WL 4592379 (E.D.Tex., August 13, 2011), *Report adopted at* 2011 WL 4592361 (E.D.Tex., September 30, 2011) ("conditional acceptance for value" was document of prisoner's own creation and had no legal effect); *Harris v. Kammerzell*, 440 F.App'x 627, 2011 WL 4448855 (10th Cir., September 27, 2011) (attempt to effect release from prison through the operation of civil commercial statutes such as the Uniform Commercial Code is legally frivolous). His claim that Texas is not a United States territory or enclave lacks merit because Texas became a State of the United States on December 29, 1845, upon the signing by President James K. Polk of the Joint Resolution for the Admission of of the State of Texas into the Union. *See* Minot, Geo., ed., Statutes at Large and Treaties of the United States of America from December 1, 1845 to March 3. 1851, vol. IX, p. 108. Hendricks' contention

that he is not subject to state or federal law is patently frivolous. *See, e.g.*, *U.S. v. Montgomery*, 778 F.2d 222, 224-25 (5th Cir. 1985); *Upton v. I.R.S.*, 104 F.3d 543, 545 n/1 (2nd Cir. 1997); *United States v. Jagrim*, 978 F.2d 1032, 1036 (8th Cir. 1992). Although Hendricks asserts that he did not receive a copy of the motion to dismiss, he nonetheless had ample opportunity to and did object to the Magistrate Judge's Report, which set out the factual and legal bases for the recommendation of dismissal. Hendricks' objections are without merit.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 13) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Defendants' motion to dismiss (docket no. 12) is **GRANTED** and the above-styled civil action is **DISMISSED WITH PREJUDICE** to the claims being asserted again until such time as Hendricks can show that his conviction has been overturned, expunged by executive order, declared invalid in a state collateral proceeding, or called into question through the issuance of a federal writ of habeas corpus. It is further

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

**So Ordered and Signed**
**Jan 13, 2017**

_____
Ron Clark, United States District Judge